**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.                                           ACTION NO. 2:05mj213

BUDDY LNU,
   a/k/a HAROLD W. KING,

        Defendant.

O R D E R

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that on numerous occasions the defendant contacted one of the major distributors in this case, Mr. McKleny. The evidence indicates that since the Fall of 2004 until his arrest the

defendant purchased cocaine base, some of it for redistribution, from Mr. McKleny.

The defendant has lived in the community for 17 years and has had full-time work as a painter for the last several years.

The defendant earns about $1600/month from his employment and has limited liabilities and assets. The defendant does not suffer from any physical or mental health difficulties. He has smoked marijuana for approximately 28 years and was intercepted on the telephone purchasing cocaine base.

The defendant has criminal convictions for trespassing in 1980 and three counts of forgery in 1985, as well as a driving under the influence conviction in 1999.

The Court FINDS that because of his continuing efforts to purchase cocaine base, some of which was for redistribution, the defendant is a danger to the community.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 27, 2005

Nunc pro tunc May 26, 2005